■ KSENIA CHUDYK et al. v. 5TH AVE. COACH LINE, INC., et al. (Action No. 1.) KALMAN MOLNAR et al. v. FIFTH AVENUE COACH LINES, INC. (Action No. 20.) (And 22 other actions.) — Motion granted insofar as to stay the trial in Action No. 20 pending determination of the appeal, and upon condition that the appellants procure the record on appeal and appellants' points to be served and filed on or before August 28, 1958, with notice of argument for September 9, 1958, said appeal to be argued or submitted when reached. Concur — Breitel, J. P., M. M. Frank, Valente, Stevens and Bergan, JJ.

(June 19, 1958)

■ In the Matter of the Accounting of SAMUEL THORNE, Formerly SAMUEL THORNE, JR., et al., as Surviving Trustees of Trusts Created by SAMUEL THORNE, Respondents; JONATHAN E. THORNE, by His Guardian ad Litem, ELI H. BRONSTEIN, et al., Appellants; UNITED STATES OF AMERICA et al., Respondents.— Order affirmed, with $20 costs and disbursements to the parties appearing and filing briefs, payable out of the trust fund. Concur — Botein, P. J., M. M. Frank and Bastow, JJ.; Breitel and McNally, JJ., dissent in part in the following memorandum. We, agreeing in part with the majority of this court, do not find in the will of the donee either expressly or by necessary implication the intent not to exercise the power of appointment. The learned court below properly held that the bequest of the residuary estate to the donee's son contained in the last will and testament of the donee carried with it the corpus and accumulated income of the trust. (*Matter of Deane*, 155 N. Y. S. 2d 410, affd. 3 A D 2d 914, affd. 4 N Y 2d 326; Personal Property Law, § 18.) The class of income beneficiaries was limited by the settlor to the lineal descendants of his son, the primary beneficiary, surviving him. Upon the death of the settlor's son, the trust subsisted for the benefit of the donee's sole lineal descendant, his son, Joel W. Thorne, Jr., who died testate in 1955, and who, upon the donee's death, became vested with the remainder. (*Crooke* v. *County of Kings*, 97 N. Y. 421.) The settlor's purpose was to apply the income of the trust corpus to the use of the settlor's son and his lineal descendants him surviving. The great-grandson was not a lineal descendant "him surviving"; and in so viewing him we disagree with the majority of this court and Special Term. Hence, the purpose of the trust was fulfilled upon the death of the settlor's grandson in 1955, which event served to terminate the trust. (*Crooke* v. *County of Kings, supra.*) In the light of the determination made by this court, we express no opinion in respect to the disposition of allowances to the parties. The final order should be modified, on the law, to construe the trust as having terminated on the death of the grandson, and should otherwise be affirmed. [9 Misc 2d 126.]

■ SELMA SHAPIRO v. MARIE COLLINS et al.— Motion for stay granted upon condition that tenant-appellant continues to pay to the landlord-respondent all installments of rent when due, and upon the further condition that the tenant appellant procures the record on appeal and appellant's points to be served and filed on or before August 12, 1958, with notice of argument for the September, 1958 Term of this court, said appeal to be argued or submitted when reached. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and McNally, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v. FRANK ROSS.— Motion to dismiss appeal granted on default. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and McNally, JJ.